UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANRIO COMPANY LTD et al., <br><br> Plaintiffs, <br><br> v. <br><br> $AVAGE CLOTHING LLC et al., <br><br> Defendants. | Case No. 2:23-cv-06107-SB-AS <br><br><br> ORDER TO SHOW CAUSE RE PERSONAL JURISDICTION [DKT. NO. 17] |

Plaintiffs Sanrio Company Ltd and Sanrio Inc filed a lawsuit against Defendants $avage Clothing LLC and Michael Antonio Caruso alleging one claim for federal copyright infringement.  Dkt. No. 1.  After Defendants failed to respond or otherwise appear, Plaintiffs sought and the clerk entered default against Defendants.  Dkt. Nos. 13, 14.  Plaintiffs have moved for default judgment that is set to be heard on October 27, 2023.  Dkt. No. 17.

"In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  But "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."  *Id*.  Whether specific personal jurisdiction exists is determined by a applying a three-part test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

1

>(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff has the burden of proving the first two prongs." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023) (citation omitted).

The first prong encompasses two distinct concepts: purposeful availment and purposeful direction. *Id*. Where intentional tort claims, such as trademark infringement or copyright infringement are alleged, courts apply the purposeful direction test. *See id*. at 1090–91. The purposeful direction test asks whether the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id*. at 1091 (citation omitted).

In the motion for default judgment, Plaintiffs claim that Defendants were "promoting sales and distribution of the infringing items nationwide." Dkt. No. 17-3 ¶ 17. Plaintiffs also provide evidence that at least one article of infringing clothing was purchased and shipped to California. *Id*. ¶ 13. But this does not establish that sales to California "occur as part of the defendant's regular course of business instead of being random, isolated, or fortuitous." *Herbal Brands*, 72 F.4th at 1094; *cf. Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (holding that a lone transaction is insufficient to establish personal jurisdiction). Nor do these allegations establish that Defendants exercised "some level of control over the ultimate distribution of [their] products beyond simply placing [their] products into the stream of commerce." *Herbal Brands*, 72 F.4th at 1094.

Plaintiffs shall file a supplemental brief no later than 9:00 a.m. on October 13, 2023, addressing whether the Court has personal jurisdiction over Defendants. Failure to timely respond to this order to show cause may be construed as acknowledgment that this Court lacks jurisdiction over Defendants and as consent to dismissal.

Date: October 4, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge